IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dwight Xavier Jones, ) | Civil Action No.: 5:12-cv-03554-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of Corrections; ) | |
| Cayce Public Safety; Lexington County ) | |
| Sheriff Dept.; Mr. William R. Byars, Jr., ) | |
| *SCDC Director*; Robert E. Ward, *SCDC* ) | |
| *Deputy Director*; Mrs. Monica Wallace, ) | **ORDER** |
| *SCDC State Classification*; Officer Dan ) | |
| Crews, *Cayce Public Safety*; Officer M. ) | |
| Moses, *Lexington County Sheriffs* ) | |
| *Department*; Mrs. Candi Cannon, *SCDC* ) | |
| *State Classification Inmate Records*; Mr. ) | |
| John McCall, *Lower Savannah Pre-Release* ) | |
| *Work Release*; Mr. Steve Birone, ) | |
| *Classification, Lower Savannah* ) | |
| *Pre-Release Work Release*; Mr. Stewart ) | |
| Golden, *Lower Savannah Pre-Release* ) | |
| *Work Release*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] [R&R, Doc. # 14.] In the R&R, the magistrate recommends that the Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff filed objections to the R&R on January 14, 2013. [ Obj., Doc. # 22.]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge West for pretrial handling.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed the submission that Plaintiff styles as his "objections," and they are

without merit. Plaintiff merely lists case citations, alleges racism, lambastes the legal system generally, summarily restates the base allegations thoroughly rejected by the magistrate, and then attaches a number of documents from his copious dealings with law enforcement and the courts. [Obj., Doc. # 22.] Plaintiff also fails to take issue with any specific finding in the R&R. [*Id.*] Accordingly, none of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Petitioner's pleadings. *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) ("[A] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. The issues in this case were correctly addressed by the magistrate and this Court will not address the issues a second time.

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that the above-captioned case is **DISMISSED** *without prejudice* and without service of process.

**IT IS FURTHER ORDERED** that all outstanding motions are **DENIED** as moot.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 26, 2013